TILLIE HERTZBERG ET AL., PLAINTIFFS-RESPONDENTS, v. JOSEPH VARBALOW, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Thompson & Hanstein.*

For the respondents, *William I. Garrison.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from judgments in favor of the plaintiffs below.

The proofs presented facts, respecting which, there does not seem to be dispute, showing that the appellant, Varbalow, a lawyer, practicing in Camden, represented one of the plaintiffs below, Joseph Hertzberg in some Chancery litigation; that Hertzberg, accompanied by his wife, consulted Mr. Varbalow, in his office, on several occasions in the preparation of the case; that in the course of these conferences it developed that there was a witness named Elgart, from whom it was necessary to obtain an affidavit; that he lived in New York City and that Mr. Varbalow communicated with him by telephone respecting this affidavit which he was to execute at Sea Isle City, in Cape May county; that Mr. Varbalow prepared the affidavit which Elgart was to read and examine and if he approved of it was to sign and swear to it; that Varbalow undertook to reach Mr. Hertzberg by telephone at

his home in Woodbine in order to communicate this information to him, but Hertzberg not being at home, Varbalow talked to Mrs. Hertzberg and that conversation was as follows, as appears by the testimony of Varbalow in his answer to the following question: "*Q.* Will you tell what your conversation was with Mrs. Hertzberg at that time? *A.* I told her I would like—I am sending my man down to see a Mr. Elgart and that my assistant did not know Mr. Elgart and for that reason I would like to have her husband take Mr. Dzick to introduce Mr. Elgart to him, but she stated that her husband wasn't home and she didn't know whether he would be home on Saturday. I then told her I would like to have somebody do it and asked her whether she would go. She said she knew Mr. Elgart but she didn't—she hesitated about going, and I asked her why, and she said she didn't know what to do about the children, so I said, 'if that is the only thing that is bothering you, as far as I am concerned, you can take the children . with you; it is a four-seated car and there is only the driver and you and there is room for two more, or two youngsters,' so she seemed agreeable to that, so I then notified my assistant to get in touch with them on Saturday to go down and to get Mrs. Hertzberg so as to be introduced to Mr. Elgart and that is the last I knew about it until about five-thirty I received a telephone call."

The assistant of Varbalow went to Woodbine, took Mrs. Hertzberg and her two children in the car, and, while proceeding to Sea Isle City, the accident happened in which Mrs. Hertzberg and both children were injured.

From the judgments in favor of the plaintiffs below, the defendant below appeals, filing three grounds for reversal.

1. Error in denial of a motion for direction of verdict in his favor on the ground that the driver of the automobile in question was the agent of the plaintiffs.

It is obvious, from the proofs referred to, that the refusal to direct a verdict was not error.

And this seems to be conceded by counsel for appellant, who in his brief (at page 6) says: "The defendant's motion for a direction was, of course, on the theory that, as a matter

of law, Dzick must be held to be the agent of the Hertzbergs and not of the defendant, Varbalow. The court, by charging the jury that Dzick was the agent of Varbalow, as a matter of law, even took the question from the jury. It is sufficient, in our opinion, for the purpose of this case, to merely argue that the question as to whether Dzick was the agent of Varbalow, or Hertzberg, was a question for the jury, because if it was a question for the jury then, necessarily, the verdict must be set aside, regardless of whether the court erred on the defendant's motion for a direction."

The remaining grounds of appeal are directed at certain instructions in the charge to the jury. These are two in number and the instructions challenged are:

1. "There can be no question under that statement of fact but that Mr. Dzick when he drove that automobile was engaged upon some service for Mr. Varbalow, and there is no evidence in the case that he was on any service for Mrs. Hertzberg, other than as she might be glad to have him doing something for her husband."

2. "Under the law, under the state of facts and under the evidence in the case, I charge you that Mr. Dzick was the agent and servant of Varbalow in the operation and control of the automobile, and that if Mr. Dzick was negligent, which I have no doubt you will have no trouble with, then Mr. Varbalow is liable for the injury that resulted."

The contention of the appellant appears to be two-fold:

1. That Mr. Varbalow in acting as the attorney for Hertzberg was his agent, and when he delegated Dzick to drive Mrs. Hertzberg and her children from their home to Sea Isle City, Dzick was not Varbalow's agent, but the agent of Hertzberg; and

2. That in his capacity as attorney for Hertzberg, Mr. Varbalow had authority to select subagents in the performance of the client's business, for the acts of which subagents the client was responsible. That under the facts of this case, Varbalow's agent, Dzick, became such subagent, for whose acts in operating the car, Hertzberg, the client, and not Varbalow, was responsible and liable.

We are entirely unable to find facts or law to sustain these contentions. On the contrary, we find them to be entirely without such support and finding no error in the instructions complained of or the refusal of the trial court to direct a verdict in favor of the appellant, the judgments under review are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.